1  DANIEL MALAKAUSKAS, *Cal. Bar. No.:* 265903
2  MALAKAUSKAS LAW, APC
   7345 South Durango Drive
3  Suite B-107-240
   Las Vegas, NV 89113
4  Tel: 866-790-2242 / Fax: 888-802-2440
   daniel@malakauskas.com
5
6  *Attorney for Plaintiff:* **Meryl Pomponio**

7

8                  **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                      **OAKLAND DIVISION**

11 | **MERYL POMPONIO,**                          | Case No.:
12 |                                              |
   |                          Plaintiff,          | **COMPLAINT BY MERYL POMPONIO**
13 |                                              | **AGAINST MACY'S WEST STORES, INC.,** *et*
   |    v.                                        | *al.***, FOR DAMAGES AND INJUNCTIVE**
14 |                                              | **RELIEF RESULTING FROM VIOLATIONS**
   |                                              | **OF 1) TITLE III OF THE AMERICANS WITH**
15 | **MACY'S WEST STORES, INC.,** as an entity   | **DISABILITIES ACT OF 1990; 2) THE UNRUH**
   | and doing business as "Macy's", **WESTERN**  | **CIVIL RIGHTS ACT; and 3) THE**
16 | **FRANCHISE DEVELOPMENT, INC.,** as an       | **CALIFORNIA DISABLED PERSONS ACT.**
   | entity and doing business as "Red Robin Gourmet |
17 | Burgers", **TAUBMAN LAND ASSOCIATES**        | [42 U.S.C. §§ 12101-12213; Cal. Civ. Code §§ 51,
   | **LLC**, and **DOES** 1-50, Inclusive,       | 52, 54, 54.1, 54.2 and 54.3.]
18 |                                              |
   |                         Defendants.          |
19 |                                              |

20

21         Comes now the Plaintiff, MERYL POMPONIO, (hereafter, "Mrs. Pomponio" or "Plaintiff")
22
23 through her Attorney, DANIEL MALAKAUSKAS, 7345 South Durango Drive, Suite B-107-240, Las
24 Vegas, NV 89113; Telephone: (866) 790-2242; Facsimile: (888) 802-2440; who, having been denied
25 her civil rights, hereby respectfully alleges, avers, and complains as follows:
26
27         **THIS COURT CAN GRANT JUSTICE TO A DISABLED INDIVIDUAL**
28

1      1.      Mrs. Pomponio was disabled by her extreme medical condition: 1) Paraneoplastic
2  Syndrome.   Due to Mrs. Pomponio's medical condition, Mrs. Pomponio is unable to walk and is
3  confined to using a mobility device to complete her day to day activities.

4      2.      On June 17th, August 27th, and September 10th, 2019, Mrs. Pomponio was denied the full
5  and equal access to a public accommodation located at 341 Sun Valley Mall, Concord, CA 94520 and
6  on August 27th, 2019, Mrs. Pomponio was denied the full and equal access to a public accommodation
7  located at 404 Sun Valley Mall, Suite A, Concord, CA 94520.

8      3.      Mrs. Pomponio now asks that this Court stand up for her rights under the Americans
9  with Disabilities Act ("ADA"), the Unruh Civil Rights Act ("UCRA") and the California Disabled
10  Persons Act ("CDPA").

**THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION, HAS JURISDICTION AND IS THE PROPER VENUE FOR PLAINTIFF TO SEEK JUSTICE**

      4.      The United States District Court has original federal question jurisdiction over this action
pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) and (a)(4), for violations of the Americans with
Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. This Court has supplemental jurisdiction over all state
claims, including, but not limited to, claims under the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et
seq*., and/or the California Disabled Persons Act, Cal. Civ. Code §§ 54-55.3, pursuant to 28 U.S.C. §
1367 as such acts not only expressly incorporate the Americans with Disabilities Act, but such state
law claims also arose from the same nucleus of operative facts or transactions.

      5.      Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) as the claims alleged herein
arose in the Northern District, specifically at the real property located at 341 Sun Valley Mall, Concord,
CA 94520 and 404 Sun Valley Mall, Suite A, Concord, CA 94520.

6.      The Oakland Division of the Northern District of California, is the proper division because all claims herein arose at the real property located at 341 Sun Valley Mall, Concord, CA 94520 and 404 Sun Valley Mall, Suite A, Concord, CA 94520.

## THE VICTIM AND THOSE RESPONSIBLE

7.      Mrs. Pomponio was disabled by her extreme medical condition: 1) Paraneoplastic Syndrome.  Due to Mrs. Pomponio's medical condition, Mrs. Pomponio is unable to walk and is confined to using a mobility device to complete her day to day activities.   Mrs. Pomponio is therefore a "person with a disability" and a "physically disabled person" and has a "disability" or "medical condition" pursuant to the rules and regulations of the ADA, specifically 42 U.S.C § 12102 and Cal. Civ. Code §§ 51 and 54.

8.      Defendants, MACY'S WEST STORES, INC., and Does 1-50 (hereafter, collectively or individually, "Tenant"), operate as a business establishment, hold themselves out to the public, and do business as "Macy's" at 341 Sun Valley Mall, Concord, CA 94520 and have substantial control over the interior and exterior of the building, the parking lot, and all spaces adjacent to such building.

9.      Defendants, WESTERN FRANCHISE DEVELOPMENT, INC., and Does 1-50 (hereafter, collectively or individually, "Tenant II"), operate as a business establishment, hold themselves out to the public, and do business as "Red Robin Gourmet Burgers" at 404 Sun Valley Mall, Suite A, Concord, CA 94520, and have substantial control over the interior and exterior of the building, the parking lot, and all spaces adjacent to such building.

10.      Defendants, TAUBMAN LAND ASSOCIATES LLC, and Does 1-50 (hereafter, collectively or individually, "Landlord", in their commercial real estate investment, owner, or landlord capacity), own, operate, manage, and have substantial control over the real property, including the

interior and exterior of the building, parking lot and all spaces adjacent to the buildings located at 341 Sun Valley Mall, Concord, CA 94520 and 404 Sun Valley Mall, Suite A, Concord, CA 94520.

11.     Defendants, Does 26-50, are individuals, businesses, organizations, or entities which entered into a contract with Defendants, Tenant, Tenant II, Landlord, and/or Does 1-50, as property managers or franchisees for the real property and adjacent parking lot, and as such have substantial control over the real property located at 341 Sun Valley Mall, Concord, CA 94520 and 404 Sun Valley Mall, Suite A, Concord, CA 94520.

12.     The true names and capacities of the Defendants named herein as Does 1-50, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff requests leave of court to amend this complaint to allege their true names and capacities at such times as they are ascertained.

13.     Plaintiff is informed and believes and thereon alleges that each of the Defendants, including Does 1-50, caused and are responsible for the below described unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so; by authorizing, acquiescing in or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to Plaintiff's rights to equal access to public spaces; and by ratifying the unlawful conduct that occurred by agents, and officers or entities under their direction and control.

## MRS. POMPONIO WAS DENIED EQUAL ACCESS TO A PUBLIC ACCOMMODATION AND NOW FIGHTS FOR ALL DISABLED

14.     Mrs. Pomponio was disabled by her extreme medical condition: 1) Paraneoplastic Syndrome.  Due to Mrs. Pomponio's medical condition, Mrs. Pomponio is unable to walk and is

confined to using a mobility device to complete her day to day.  Mrs. Pomponio is therefore a "person with a disability" and a "disabled person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C § 12102, and 28 C.F.R. § 36.104.

15.     On multiple occasions in 2019, Mrs. Pomponio desired to go to and use the services, and/or buy products at "Macy's" and "Red Robin Gourmet Burgers" which are located at 341 Sun Valley Mall, Concord, CA 94520 and 404 Sun Valley Mall, Suite A, Concord, CA 94520.

16.     While in the parking lot adjacent to, surrounding, or while inside the business "Macy's" and "Red Robin Gourmet Burgers", Mrs. Pomponio personally encountered barriers that interfered with her ability to use and enjoy the goods, services, privileges and accommodations offered by the facilities. Specifically, while visiting the business establishment, Mrs. Pomponio had difficulty as the alleged accessible parking stall, access aisle, and accessible ramp, all had improper slopes making it more difficult for her to use her wheeled mobility device. In addition, the entrance doors to both "Macy's" and "Red Robin Gourmet Burgers" were too heavy and they were difficult to open while Mrs. Pomponio was seated in her wheeled mobility device.  Finally, there was not enough accessible dining surfaces provided inside "Red Robin Gourmet Burgers" which made it difficult for Mrs. Pomponio to find a place to dine inside the restaurant.

17.     Despite Mrs. Pomponio's wish to patronize the businesses in the future, the above-mentioned barriers constitute deterrents to access to the business, rendering the business' goods, services, facilities, privileges, advantages, and accommodations unavailable to physically disabled patrons such as herself.

18.     Mrs. Pomponio alleges, on information and belief, that Defendants knew that such barriers existed and that Defendants' failure to remove the barriers was intentional as the particular barriers mentioned above were intuitive and obvious. Additionally, Defendants exercised control and

dominion over the condition of the real property and building and had the financial resources to remove such barriers. Furthermore, Mrs. Pomponio alleges, on information and belief, that such modifications were readily achievable as removal of the above barriers could have been achieved without much difficulty or expense.

19.   Mrs. Pomponio brings this lawsuit to encourage Defendants to ensure their property is accessible to all.

## FIRST CLAIM
## VIOLATION OF TITLE III OF THE ADA
### (As to all Defendants)

20.   Plaintiff hereby incorporates and realleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

21.   The parking lot and building at the real property known as 341 Sun Valley Mall, Concord, CA 94520 and 404 Sun Valley Mall, Suite A, Concord, CA 94520 is owned, controlled, operated, leased, and managed by Defendants: Tenant, Tenant II, Landlord, Does 1-50, or their agents. The business "Macy's" and "Red Robin Gourmet Burgers", including their parking lot, are open to the general public and as such are "public accommodations" under 42 U.S.C. § 12181 and 28 C.F.R. § 36.104.

22.   Pursuant to 42 U.S.C. § 12182(a), by owning, leasing, or operating the public accommodation known as "Macy's" and "Red Robin Gourmet Burgers", Defendants are prohibited from discriminating against Plaintiff by denying her, on the basis of her disability, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the facilities.

23.   In order to avoid discriminating against a disabled individual pursuant to 28 C.F.R. § 36.101 and § 36.102, Defendants must ensure that such public accommodation is designed, constructed,

and altered in compliance with the accessibility standards established by 28 C.F.R. § 36.101 *et seq.*, and have proper policies, practices, and procedures to ensure that individuals with disabilities are afforded equal access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the public accommodation. 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv) and (v), 12183(a)(1) and (2).

24.    Mrs. Pomponio was disabled by her extreme medical condition: 1) Paraneoplastic Syndrome.  Due to Mrs. Pomponio's medical condition, Mrs. Pomponio is unable to walk and is confined to using a mobility device to complete her day to day.  Mrs. Pomponio is therefore a "person with a disability" and a "disabled person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C § 12102, and 28 C.F.R. § 36.104.  While at the interior, exterior, parking lot, or adjacent spaces, of the business known as "Macy's" and "Red Robin Gourmet Burgers", Plaintiff personally encountered a number of barriers that interfered with her ability, to use and enjoy the goods, services, privileges and accommodations offered at the facility.

25.    Specifically, Defendants failed to ensure that such real property was equally accessible to individuals with disabilities and medical conditions by having the following barriers at the real property:

    a.  The unauthorized vehicle signage is not posted in a conspicuous place at each entrance to off-street parking, or immediately adjacent to on-site accessible parking and visible from each parking space, in violation of 2013 CBC 11B-502.8 and 2016 CBC 11B-502.8;

    b.  The alleged accessible parking space(s) and access aisle(s)' slope(s) exceed two percent (2%) in violation of 1991 ADAAG 4.6.3, 2010 ADAS 502.4 Exception, 2013 CBC 11B-502.4 Exception and 2016 CBC 11B-502.4 Exception;

c. One or more of the alleged accessible parking spaces' access aisle is not marked with the statement "NO PARKING" in violation of 2010 ADAS 502.3.3, 2013 CBC 11B-502.3.3 and 2016 CBC 11B-502.3.3;

d. One or more of the alleged access aisles do not extend the full length of the parking spaces they serve in violation of 2010 ADAS 502.3.2, 2013 CBC 11B-502.3.2 and 2016 CBC 11B-502.3.2;

e. One or more of the alleged accessible parking spaces and access aisles have openings in the ground surface that are greater one-half inch (½") in violation of 1991 ADAAG 4.5.4, 2010 ADAS 302.3, 2013 CBC 11B-302.3 and 2016 CBC 11B-302.3;

f. One or more of the alleged accessible parking spaces fail to have "MINIMUM FINE $250" identification signage in violation of 2013 CBC 11B-502.6.2, 2016 CBC 11B-502.6.2;

g. The alleged accessible route's curb ramp does not have detectable warnings in violation of 1991 ADAAG 4.7.7, 2013 CBC 11B-406.5.12, and, 2016 CBC 11B-406.5.12;

h. The bottom of the alleged accessible route's curb ramp is not flush with an adjacent ground surface in violation of 1991 ADAAG 4.7.4, 2010 ADAS 406.1, 2013 CBC 11B-406.5.6, and, 2016 CBC 11B-406.5.6.;

i. The alleged accessible route's curb ramp's surface slope's flare exceeds ten percent (10%) in violation of 1991 ADAAG 4.7.5, 2010 ADAS 406.3, 2013 CBC 11B-406.2.2, and 2016 CBC 11B-406.2.2;

j.  The slope of the alleged accessible route's ramp exceeds eight-point-three-three percent (8.33%) in violation of 1991 ADAAG 4.8.2, 2010 ADAS 405.2, 2013 CBC 11B-405.2 and 2016 CBC 11B-405.2;

k.  The cross slope of the accessible route exceeds two point-zero-eight percent (2.08%) in violation of 1991 ADAAG 4.3.7, 2010 ADAS 403.3, 2013 CBC 11B-403.3 and 2016 CBC 11B-403.3;

l.  (Macy's) The alleged accessible entrance door(s) requires more than five pounds (5 lbs.) of force to push or pull open in violation of 2013 CBC 11B-404.2.9 and 2016 CBC 11B-404.2.9;

m.  (Macy's)  The entrance door surface within ten inches (10") of the finished floor or ground surface does not have a smooth surface on the push side of the door in violation of 2010 ADAS 404.2.10, 2013 CBC 11B-404.2.10 & 2016 CBC 11B-404.2.10;

n.  (Macy's) The clear width of circulation aisles are less than thirty-six inches (36") in violation of 1991 ADAAG 4.2.1, 2010 ADA Standards 403.5.1, 2013 CBC 11B403.5.1 and 2016 CBC 11B-403.5.1 or less than 44" wide when serving both sides;

o.  (Red Robin) The alleged accessible entrance door(s) requires more than five pounds (5 lbs.) of force to push or pull open in violation of 2013 CBC 11B-404.2.9 and 2016 CBC 11B-404.2.9;

p.  (Red Robin) There are no accessible dining surfaces provided in violation of 1991 ADAAG 5.1, 2010 ADAS 226.1, 2013 CBC 11B-226.1, 2016 CBC 11B-226.1.;

q.  (Red Robin) The door leading to the restrooms require more than five pounds (5 lbs.) of force to open in violation of 2013 CBC 11B-404.2.9 and 2016 CBC 11B-404.2.9.

26.     As a direct and proximate cause of Defendants' conduct, Plaintiff, on the basis of her disabilities, was denied the opportunity to participate in or benefit from a good, service, privilege, individuals in violation of 42 U.S.C. § 12181.

27.     Plaintiff seeks injunctive relief to prohibit Defendants' acts and omissions as complained of herein which have the effect of wrongfully discriminating against Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Specifically, Plaintiff seeks injunctive relief ensuring that Defendants modify their real property to ensure that disabled persons are not discriminated against in receiving equal access to goods, services, and facilities as other more able-bodied persons.

## SECOND CLAIM
## VIOLATIONS OF CALIFORNIA CIVIL CODE § 51
### (As to all Defendants)

28.     Plaintiff hereby incorporates and realleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

29.     Any violation of the ADA 42 U.S.C. §§ 12101-12213 also constitutes a violation of Cal. Civ. Code § 51(f) and § 52(a), thus independently justifying an award of damages and injunctive relief pursuant to California law.

30.     On the basis of her disabilities, Plaintiff was denied the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation in a manner equal to that afforded to other non-disabled individuals which resulted in Plaintiff's difficulty, discomfort, or embarrassment. Therefore, pursuant to Cal. Civ. Code § 55.56(a) through (c), Plaintiff is entitled to attorneys' fees, costs, and damages of no less than four-thousand U.S. dollars (4,000 USD) for each and every violation.

**THIRD CLAIM**
**VIOLATIONS OF CALIFORNIA CIVIL CODE § 54**
**(As to all Defendants)**

31.     Plaintiff hereby incorporates and realleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

32.     Any violation of the ADA 42 U.S.C. §§ 12101-12213 also constitutes a violation of Cal. Civ. Code § 54.1(d) and § 54.3(a), thus independently justifying an award of damages and injunctive relief pursuant to California law.

33.     On the basis of her disabilities, Plaintiff was denied the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation in a manner equal to that afforded to other non-disabled individuals, which resulted in Plaintiff's difficulty, discomfort or embarrassment. Therefore, pursuant to Cal. Civ. Code § 55.56(a) through (c), Plaintiff is entitled to attorneys' fees, costs, and damages on no less than one-thousand U.S. dollars (1,000 USD) for each and every violation.

**PRAYER**

WHEREFORE, Plaintiff prays the following:

1.     For injunctive relief pursuant to 28 C.F.R. § 36.501 directing Defendants to modify their facilities and policies as required by law to comply with ADA regulations, including the ADAAG where required; institute policy to enable Plaintiff to use goods and services offered to the non-disabled public; provide adequate access to all citizens, including persons with disabilities; issue a permanent injunction directing Defendants to maintain their facilities usable by Plaintiff and similarly situated person with disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

2.      Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur and will not recur;

3.      Award Plaintiff all appropriate damages, including, but not limited to, either statutory damages of no less than four-thousand U.S. dollars (4,000 USD) for each and every violation of Cal. Civ. Code § 51, or no less than one-thousand U.S. dollars (1,000 USD) for each and every violation of Cal. Civ. Code § 54, with either Cal. Civ. Code § 51 or § 54 being elected prior to, or at, trial, but not both, and general damages in an amount within the jurisdiction of the Court, according to proof;

4.      Award Plaintiff all litigation expenses and costs of this proceeding, and all reasonable attorneys' fees as provided by law, including but not limited to, 42 U.S.C. § 12205, Cal. Civ. Code §§ 52 and 54.3; and

5.      Grant such other and further relief as this Court may deem just and proper.


Dated: May 10th, 2021

/s/ *Daniel Malakauskas*
By: DANIEL MALAKAUSKAS, of,
MALAKAUSKAS LAW, APC,
Attorney for PLAINTIFF